UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRIDE FUNDING, LLC,**<br><br>     **Plaintiff,**<br>  v.<br><br>**CRANFORD HARRISON DEVELOPERS LLC,** *et al.***,**<br><br>     **Defendants.** | Civil Action No. 22-7471 (MCA) (JSA)<br><br><br><br>**PRETRIAL SCHEDULING ORDER** |

  **THIS MATTER** having come before the Court for a Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 8, 2023; and for good cause shown:

  **IT IS** on this 9th day of March 2023,

  **ORDERED THAT:**

### I. DISCLOSURES

  1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **March 15, 2023**.

  2. Disclosure of Third-Party Litigation Funding, if applicable, pursuant to Local Civil Rule 7.1.1, shall be done on or before **March 15, 2023**.

### II. E-DISCOVERY CONFERENCE

  3. The parties shall hold, if necessary, an E-Discovery conference, pursuant to L. Civ. R. 26.1(d), on or before **DONE**.

### III.  DISCOVERY

  4. Fact discovery shall remain open through **August 30, 2023**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

  5. The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts, and any requests for production of documents on or before **March 30, 2023**, to be responded to **within thirty (30) days of receipt**.

6. Excluding Fed. R. Civ. P. 30(b)(6) and expert witness depositions, the parties may take a maximum of **five (5)** fact depositions per side. A party must obtain leave of court before taking any additional depositions.

7. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. See Fed. R. Civ. P. 30(c)(2).

8. To the extent applicable, the parties should confer and reach agreement on any electronically stored information ("ESI") protocols. Further, if appropriate, the parties should confer and submit any proposed order on ESI protocols by **[N/A]**.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall submit a letter, not to exceed three (3) double-spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve any such dispute. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs and without prior leave of Court.

10. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court **not later than thirty (30) days before the fact discovery deadline**. **The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date**. If an unresolved dispute arises at a deposition, then the parties must contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

11. The parties should confer and submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), on or before **April 15, 2023**.

## IV. DISCOVERY CONFIDENTIALITY ORDERS

12. The parties should submit any proposed discovery confidentiality order on or before **April 15, 2023**. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such order must be clearly designated "**Discovery Confidentiality Order**." See L. Civ. R. 5.3.

13. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery. Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## V. FUTURE CONFERENCES

14. There shall be a Telephone Status Conference before the Undersigned on **May 16, 2023, at 1:30 p.m.** The Court will provide the parties with the conference call information in advance. On or before **May 9, 2023**, the parties shall file a joint status letter, addressing the status of completing discovery.

15. The Court may from time-to-time schedule conferences as may be required, either sua sponte or at the request of a party.

16. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

17. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

18. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI. MOTIONS

19. Any motions for leave to amend the pleadings and/or add or join parties shall be filed on or before **June 1, 2023**. Any such motion must include, as an exhibit in support of the motion, a black-lined or red-lined version of the proposed amended pleading that shows any changes. The Court may administratively terminate any motion that does not include such an exhibit. Service of process shall be effectuated in accordance with the Federal Rules of Civil Procedure.

20. Motions to seal must comply with Local Civil Rule 5.3.

21. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a pre-motion conference. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are

filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

22. Dispositive motions, if any, are to be filed by **[TO BE DETERMINED]**.

## VII. EXPERTS

23. All affirmative expert reports shall be delivered on or before **September 30, 2023**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

24. All responding expert reports shall be delivered on or before **October 31, 2023**. Any such report shall be in the form and content as described above.

25. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **November 30, 2023**.

26. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VIII. FINAL PRETRIAL CONFERENCE

27. A final pretrial conference shall be conducted pursuant to Civil Rule 16(e) on **[TO BE DETERMINED]**.

28. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court, and, if a trial date has been scheduled, the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

29. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs, and any hypothetical questions to be put to an expert witness on direct examination.

30. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

31. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37**.

s/Jessica S. Allen  
**Hon. Jessica S. Allen**  
**United States Magistrate Judge**

cc: Hon. Madeline C. Arleo, U.S.D.J.